DAVID MACEDA SOSA
FEDERAL CORRECTIONAL INSTITUTION
3600 GUARD ROAD
LOMPOC, CA. 93436




UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>RESPONDENT<br><br>V<br><br>DAVID MACEDA SOSA<br>PETITIONER | CRIMINAL CASE # F05-0007-01CR (RRB)<br>§ 3582 MOTION MOTIFICATION OF A SENTENCE |

**COMES NOW PETITIONER DAVID MACEDA SOSA, PRO SE** requesting this Honorable Court to accept this Motion and Grant Petitioner the opportunity to be heard and allow her to have a modification of his sentence and allow him to have an early release.

Petitioner Sosa prays this Honorable Court to accept this motion and Grant him this motion, petitioner is also unfamiliar with the complicated rules of pleading and the high standard of the legal art required for obtaining judicial relief as the Supreme Court noted in Haley v Estrelle, 632 F.2d 1273 .

The Supreme Court stated "if prisoner is unaware of the legal significance of relevant facts, it would be **unreasonable** to prohibit his/her attempts for judicial relief **PRICE v JOHNSTON , 334 U.S. at 291 68 S. Cr. 1063 "Prisoners"** are often unlearned in the law and unfamiliar with the complicated rules of pleadings since they (prisoners) are so often.

acting as their own counsel in proceedings, we cannot impose on them the same high standards of the legal art which place on members of the legal profession".

## ARGUMENT

**MOTION TO REDUCE TERM OF IMPRISONMENT UNDER 18 U.S.C. § 3582 (c)(2) SHOULD BE GRANTED BASED ON SENTENCING GUIDELINES.**

Based on the guideline range for the offense for which Maceda was convicted , Maceda filed a Motion to Reduce Term of Imprisonment under 18 U.S.C. § 3582 (c)(2). Petitioner Maceda raised this issue to notify the court that § 3582 (c)(2) provides that the court may consider modification of the term of Imprisonment sue sponte.

**TITLE 18 U.S.C. § 3582 (c)(2) Provides:**

**(C) Modification of an imposed term of imprisonment . The Court may** not modify a term of imprisonment it has been imposed except that (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing Commission pursuant to 28 U.S.D. 994 (0) upon motion of the defendant or the Director of the Bureau of Prison, or on its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**1.B1.10 REDUCTION IN TERM OF IMPRISONMENT AS A RESULT OF AMEND GUIDELINE RANGE (Policy Statement).**

**(a)** Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below....

**(c)** Amendments covered by this policy statement are listed in Appendix C.

The Eighth Circuit has stated in a very similar case in which a sentencing range was lowered under a modification of sentence in light of the factors set forth in 18 U.S.C. § 3553 (a) that reduction is consistent with the applicable policy statement issued by the Commision

In examining 18 U.S.C. § 3553 there are numerous factors to be considered when imposing a sentence the nature and circumstances of the offense, the need for the sentence to reflect the offense, the need for the sentence to reflect the offense , to deter and to protect the public. Looking at these considerations there is no reason the amendment should not be applied.

Petitioner pray that this Honorable Court accept this motion and grant petitioner the opportunity to have a modification of his sentence so he can have an early release and be soon with his daughter that need him.

Petitioner pray that this Honorable Court take into consideration Gall v United States 552 U.S. _______2007 . Here in Gall the Court determined that considering all the factors under 18 U.S.C. 3553 (c) the Defendant's explicit withdrawal from the conspiracy almost four years before the

filing of the indictment the Defendant's post-offense conduct especially obtaining a college degree and the start of his own succesful business, the support of family and friends lack of criminal history, and his age at thetime of the offense conduct all warrant the sentence imposed, which was sufficient, but not greater than necessary to serve the purposes of sentencing" id., at 117.

At the end of the sentencing hearing and the sentencing memorandum the District Judge reminded Gall that probation rather than "an act of leniency" is a "substantial restriction of freedom." id., at 99, 125 In the memorandum, he emphasized:

> "[Gall] will have to comply with strict reporting conditions along with the three-year regime of alcohol and drug testing. He will not be able to change or make decisions about significant circumstances in his life, sucha as where to live or work, which are prized liberty interests without first seeking authorization form his Probation Officer or, perhaps, even the Court. Of Course the defendant always faces the harsh consequences tha await if he violates the conditions of his probatory term . Id at 125.

Finally the District Judge explained why he had concluded that the sentence of probation reflected the seriousness of Gall's offense and that no term of imprisonment was necessary.

> "Any term of imprisonment in this case would be counter effective by depriving society of the contributions of the Defendant who, the Court has found understands the consequences of his criminal conduct and is doing everything in his power to forge a new life. The Defendannt's post-offense conduct indicates neither that he will return to criminal behavior nor that the Defendant is a danger to society. In fact, the Defendant post-offense conduct was not motivated by a desiere to please the Court or any other governmental agency, but was the pre Indictment product of the Defendant's own desire to lead a better life" at 125-126.

As the Court stated "We recognize that custodial sentences are qualitatively more severe than probationary sentences of equivalent terms offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty. See United States v Knights, 534 U.S. 112, 119 (2001) ("Inherent in the very nature of probation is that probationers "do not enjoy the absolute liberty to which every citizen is entitled "(quoating Griffins v Wisconsin, 483 (a)(2)(A) requires judges to consider "the need to the sentence imposed .... to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense.

Section 3553 (a)(6) requires Judges to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The Court of Appeals stated that "the recored does not show that the district court considered whether a sentence of probation would result in unwarranted disparties. 446 F.3d at 890. As with the seriousness of the offense conduct, avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges.

Since the District Judge correctly calculated reviewed the guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparitis.

For all these reasons petitioner Maceda prays that this Honorable Court accept this motion and grant him the opportunity to have a modification of his sentence and give him the opportunity to be with his daughter that need him.

(a) **Factors to be considered in imposing the term of imprisonment**

The court in determining whether to impose a term of imprisonment and if a term of imprisonment is to be imposed in determining the length of the term, shall consider the factors set forth in section 3553 (a) to the extent that they are applicable recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. In determining whether to make a recommendation concerning the type of prison facility appropriate for the defendant the court shall consider any pertinent policy statement issued by

the Sentencing Commission pursuant to 28 U.S.C. 994 (a)(2) .

(b) **effect of finality of Judgement** Notwithstanding the fact that a sentence to imprisonment can subsequently be

(1) modified pursuant to the provisions of subsection (c)

(2) correct pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742 or

(3) appealed and modified, if outside the guideline range pursuant to the provisions of section 3742 a judgement of conviction that includes such a sentence constitutes a final judgment for all other purposes.

**THE PLAIN MEAINING OF § 3553 (a) REQUIRES FULL CONSIDERATION OF ALL RELEVANT FACTORS AND IMPOSITION OF THE SENTENCE THAT IS "SUFFICIENT BUT NOT GREATER THAN NECESSARY" TO COMPLY WITH THE STATUTORY PURPOSES OF SENTENCING.**

Section 3553 (a) includes two district directives. The first instructions that, in assessing the appropriate punishement, district courts "shall consider" the series of factors and purposes listed in paragraph (1) through (7). The second states that district court's "shall impose" the sentences that is "sufficient but not greate than necessary. to satisfy the purposes set forth in § 3553 (a)(2). These directives are mandatory, see U.S. 26, 35 (1998) .["T]he mandatory shall... normally creates an obligation impervious to judicial discretion and the district court must comply with both statutory mandates for its choice of sentence to be "reasonable" see Booker , 543 Booker, 543 U.S. at 261.

1. The first directive of § 3553 (a) states that the district court "shall consider " the enumerated factors and purposes in determining the sentence to impose. This is a straightforward command. The district judge is instructed to assess and evaluate to "reflect on" and comtemplate" see Webster's Third New International Dictionary 483 (1993) (defining "consider') these matters in crafting the final sentence.

The status permtis no execptions. It unequivocally mandates that the district court consider each enumerated factor and purpose 18 U.S.C. § 3553 (a). A court is no more free to ignore one of these provisions than it would be to ignore any other, or the statute altogether. See United States v Ron Pair Enters., Inc. 489 U.S. 235, 241 (1989) ("[W]here.... the statute's language is plain, the sole function of the courts is to enforce it according to its terms.") (quoting Caminetti v United States, 242 U.S. 470, 485 (1917); see also Booker, 543 U.S. at 304-05 (Scalia J., dissenting in part)("The statute provides no order of priority among all the factors...") A sentence imposed without consideration of all relevant factors and purposes of § 3553 (a) is, quite simply invalid. See United States v Johnson, 467 F.3d 559, 563, 566 (6th Cir 2006) United States v Webb , 403 F.3d 373, 383 (6th Cir, 2005) cert. denied , 126 S. Ct 1110 (2006)

District courts were thus faced with an internally inconsistent statut. They were directed unde subsection (a) to determine and impose the minimally adequate sentence to satisfy the statutory pruposes of sentencing. 18 U.S.C. § 3553 (a) (2004). But, if the sentence requires by subsection (a ) fell outside of the Guidelines range, they were

preclude from imposing it by subsection (b) Id. § 3553 (b)91). The only practical way to proceed in these circumstances while giving some effect to both provisions was to impose the sentence within the Guidelines range that fell closest to the "correct sentence, as determined under subsection (a) See Stith & Koh, supra, at 246 (recognizing this "basic contradiction" in the bill). In the other words, only the violating subsection (a) could courts comply with subsection (b).

Booker eliminated the inconsistency by excising subsection (b)(1) 543 U.S. at 259 . This Court, by removing that provision rendered the Guidelines "advisory" and allowed the district courts to impose a sentence that fully honors the dictates of § 3553 (a) by when appropriate going outside of the Guidelines range. Id. with the artificial constraint of the Guidelines now removed, judges may impose the sentence that, in their Independent judgement, is minimally adequate to satisfy the purpose of sentencing. They may , in other words, comply fully with the directive of § 3553 (a) . There is no longer any basis in the language of the statute to give presumptive or controlling weight to the Guidelines.

For all these reasons petitioner pray that this Honorable court grant petitioner the opportunity to have her sentence modified based on the fact that she is no threat to society, his case is not a violent case, he is not a violent person, and he complies with §3553 (a).

RESPECTFULLY SUBMITTED ON THIS 28 DAY OF JULY 2008

Maceda-Sosa David.

DAVID MACEDA SOSA
FEDERAL CORRECTIONAL INSTITUTION
3600 GUARD ROAD
LOMPOC, CA 93436

CERTIFICATE OF SERVICE

THIS IS TO CERTIFIED THAT I DAVID MACEDA SOSA DEPOSIT THIS § 3582 ON A FEDERAL CORRECTIONAL INSTITUTION MAILBOX IN THE CITY OF LOMPOC ON THIS 28 DAY OF JULY MONDAY .2008

Maceda-sosa David.

DAVID MACEDA SOSA
FEDERAL CORRECTIONAL INSTITUTION
3600 GUARD ROAD
LOMPOC, CA. 93436