DAVID MACEDA-SOSA #
FEDERAL CORRECTIONAL INSTITUTION
3600 GUARD ROAD
LOMPOC, CA 93436


RECEIVED
JUL 30 2008
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
DISTRICT COURT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> RESPONDENT ) <br> ) <br> V ) <br> ) <br> DAVID MACEDA_SOSA ) <br> ) <br> PETITIONER ) | CRIMINAL CASE # F05-0007-01CR (RRB) |

STATE OF CALIFORNIA     )
                        ) ss.
County of San Bernardino )
                        )

I DAVID MACEDA-SOSA , affiant, being duly sworn upon oath, depose and state:

 Petitioner Sosa pray this Honorable Court to accept this motion and grant petitioner the opportunity to be heard and allow the truth to comeforward and allow him to have a modification of his sentence.

 Petitioner is not an expert in the law and pray that this Honorable sees this motion with mercy.

A departure should be granted pursuant to U.S.S.G Section 5H1.6

Although family ties and responsibilities are not normally a basis for a reduction in sentence, it is appropriate in certain cases.

The instant matter is one such case. applications note 1 to section 5H1.6 sets forth the circumstances to consider in granting a request to depart under this section. The relevant factors include, but are not limited to the seriousness of the offense, the involvement in the offense in the offense, if any, of members of the defendant's family and the danger, if any, to the defendant's family as a result of the offense, Where the requested departure is based on the loss of care taking or financial support to the defendant's family the court should also consider the degree to which the defendant's service of a sentence within the applicable guideline range will cause a substantial direct, and specific loss of essential care taking, or essential financial support to the defendant's family. Additionally, the court should consider whether the loss of care taking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant. The example cited in the application note states taht the fact that the defendant's family might incur some degree of financial hardship or suffer to some extent from the abasence of a parent through incarceration is not in itself sufficient as a basis for departure because such hardship or suffering is a sort ordinarily incident to incarceration. The loss of care taking or finacial support must be such that there is no effective ameliorative programs reasonably available. Accordingly, the defendant's care taking or financial support must be irreplaceable to the defendant's family and a departure in the sentence will effectively address the loss of care taking or financial support. The Second Circuit Court of Appeals

upheld at 13 level departure where the father was considered to be a caring and conscientious father of two young children who would suffer severe financial hardship U.S. v Galante 111 F.3d 1029 (2nd Cir 1997). The Ninth Circuit Court of Appeals held that it was within the district's court's discretion to depart four levels for extraordinary family circumstances because the children did not have a father and would be losing a mother for a substantial period of time U.S. v Aguirre, 214 F.3d 1122 (9th Cir 2000).

David Maceda-Sosa has one daughter that needs him and for all these reasons petitioner pray that this Honorable Court accept this motion and give him the opportunity to have a **MODIFICATION OF HIS SENTENCE** and allow him to be with his daughter soon.

RESPECTFULLY SUBMITTED ON THIS 28 DAY OF JULY, 2008

*Maceda-sosa David.*
DAVID MACEDA-SOSA
FEDERAL CORRECTIONAL INTITUTION
3600 GUARD ROAD
LOMPOC, CA 99343