**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

 UNITED STATES  v.  DAVID MACEDA-SODA 

THE HONORABLE RALPH R. BEISTLINE

D<small>EPUTY</small> C<small>LERK</small>                                              CASE NO.  4:05-cr-00007-RRB-2 

 Carolyn Bollman 

PROCEEDINGS: **MINUTE ORDER FROM CHAMBERS**          DATE: August 1, 2008

    On July 30, 2008, David Maceda-Soda moved to be re-sentenced under 18 U.S.C. § 3582(c).[1] Mr. Maceda-Soda, however, was not convicted and sentenced for a crime involving the use of crack cocaine.[2] And the law set forth in *United States v. Booker*, 543 U.S. 220 (2005), was followed by the Court during Mr. Maceda-Soda's 2006 sentencing.[3]

    Because M. Maceda-Soda has not stated adequate grounds to support his motion for re-sentencing, his motion at docket 203 must be DENIED.

    IT IS SO ORDERED.

---

[1] *See* Docket Nos. 203, 204.

[2] *See Kimbrough v. United States*, 128 S.Ct. 558, 569 (2007), citing Amendments to the Sentencing Guidelines for United States Courts, 72 Fed.Reg. 28571-28572 (2007); *United States v. Ross*, 511 F.3d 1233, 1237 n. 2 (9th Cir. 2008) ("On March 3, 2008, time reductions for crack cocaine offenders sentenced prior to November 1, 2007, will be authorized pursuant to 18 U.S.C.A. § 3582(c) (2)").

[3] *See also Gall v. United States*, 128 S.Ct. 586, 596 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.").

[maceda sosadeny.wpd]{IA.WPD*Rev.12/96}